IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A.C.J.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, MESA VERDE DETENTION FACILITY.,<br><br>Respondent. | Civil No. 1:26-cv-05216-MWJS<br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 208-292-983 |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Carlos A.C.J.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner was paroled into the country in 2015, and he was granted lawful permanent resident status in 2017. *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-04434-MWJS, 2026 WL 1752066, at *1 (E.D. Cal. June 17, 2026). After Petitioner was convicted of various criminal offenses in May 2025, U.S. Immigration and Customs Enforcement arrested

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

him on November 7, 2025. *Id.* Petitioner has been detained ever since—a period now spanning eight months and eight days.

On the day of his arrest, the Department of Homeland Security (DHS) commenced removal proceedings against Petitioner under 8 U.S.C. § 1229a by filing a Notice to Appear (NTA). *Carlos A.C.J.*, 2026 WL 1752066, at *1. In the NTA, the DHS charged Petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(ii). *Id.* That paragraph states that individuals who have been convicted of two or more crimes involving moral turpitude are deportable. 8 U.S.C. § 1227(a)(2)(A)(ii).

Petitioner previously invoked the court's habeas jurisdiction, contending that his detention violated his rights under the Due Process Clause of the Fifth Amendment. *Carlos A.C.J.*, 2026 WL 1752066, at *1. In response, the government argued that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). *Id.* That subsection states, in relevant part, that DHS "shall take into custody" any noncitizen who is deportable for having committed any offense covered in 8 U.S.C. § 1227(a)(2)(A)(ii)—that is, the charge of removability lodged against Petitioner. *See* 8 U.S.C. § 1226(c)(1)(B).

On June 17, 2026, the court denied the petition without prejudice after concluding that, under even the most general possible standards, the record did not support Petitioner's due process claim. *Carlos A.C.J.*, 2026 WL 1752066, at *2. In reaching this conclusion, the court explained that Petitioner had been detained for

approximately seven and a half months at that point, there was no evidence that the government had been the cause of any delay, nor was there any reason to fear future delay. *Id.* In addition, the court noted that there was no evidence that the government had ever released Petitioner after detaining him on November 7, 2025, or otherwise found that he was not a flight risk or danger to the community. *Id.*

Eight days later, Petitioner signed the petition now before the court. Dkt. No. 1, at pg. 18. Petitioner again argues that his "prolonged" detention violates his rights under the Due Process Clause of the Fifth Amendment. *Id.* at pg. 2.

Petitioner still does not dispute that he is subject to mandatory detention under 8 U.S.C. § 1226(c), *id.* at pg. 5 ("I understand that my detention is legal."), and the court again notes that it does not appear that he could do so without first exhausting his administrative remedies. *Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201 (E.D. Cal. Apr. 28, 2026) ("[W]hile Petitioner contends that his classification under [8 U.S.C. § 1226(c)] is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court."). Nevertheless, the court considers Petitioner's renewed due process claim. *Accord Solorzano-Ramirez v. Warden, California City Det. Facility*, No. 1:26-cv-2540 DC CSK, 2026 WL 1257256, at *2–4 (E.D. Cal. May 7, 2026).

Although the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003), held that 8 U.S.C. § 1226(c) is facially constitutional, it left open the possibility of individualized

constitutional challenges to prolonged detention under that statute. *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[2]

Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c). *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025). Under even the most general possible standards, the record at this stage still does not support Petitioner's renewed due process claim.

Petitioner has now been in custody for a little more than eight months—that is, an additional twenty-eight days since the court dismissed his first petition. Petitioner again offers no evidence, however, that the government has been the cause of any delay in his removal proceedings, or that there is any reason to fear there will be delay in the

---

[2] The Court in *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018), likewise declined to rule on the question of whether 8 U.S.C. § 1226(c)'s mandatory detention provisions might, in individualized circumstances, become unconstitutional as applied.

future. He still does not suggest that the government ever released him after detaining him on November 7, 2025, or that the government otherwise has ever found that he is not a flight risk or a danger to the community. On this record, regardless of precisely what legal standards the court adopts, the court again concludes that Petitioner's constitutional claim cannot prevail at this time. *Accord Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.SC. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

The petition, Dkt. No. 1, is therefore DENIED without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: July 14, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge